# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

GREGORY EVERETT,

      Plaintiff,

      -vs-                                                          Case No. 14-C-1189

BRP-POWERTRAIN, GmbH, & Co. KG
formerly known as BOMBARDIER-ROTAX,
GmbH, MOTORENFABRIK, a foreign corporation,
BOMBARDIER RECREATIONAL PRODUCTS,
a foreign corporation, KODIAK RESEARCH, Ltd.,
a foreign corporation, and LEADING EDGE
AIR FOILS, LLC,

      Defendants.

---

## DECISION AND ORDER

---

The plaintiff, Gregory Everett, was seriously injured when his plane, a small experimental aircraft, crashed into a bean field in his home state of Missouri. Everett alleges that the crash was caused by a faulty engine that he purchased at an air show in Oshkosh, Wisconsin. On September 9, 2015, the Court issued an order granting motions to dismiss for lack of personal jurisdiction filed by three of the four defendants in this case: BRP-Powertrain, GmbH & Co. KG ("Powertrain"), an Austrian corporation that designed and manufactured the engine at issue, a Rotax 582 Model DCDI; Bombardier Recreational Products ("BRP"), a Canadian corporation and

intermediate parent of Powertrain; and Kodiak Research, Ltd. ("Kodiak"), a Bahamian corporation and distributor of Rotax engines. Everett moves for reconsideration and for leave to file an amended complaint.[1] These motions are denied.[2]

Everett's request to reconsider an interlocutory order is governed by Federal Rule of Civil Procedure 54(b). *Jackson v. McKay-Davis Funeral Home*, No. 07-C-1037, 2012 WL 5423739, at *1 (E.D. Wis. Nov. 6, 2012). Reconsideration is appropriate to correct manifest errors of law or fact or to present newly discovered evidence. *Bordelon v. Chi. Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).

In its Order, the Court held that Powertrain, BRP, and Kodiak are not subject to general personal jurisdiction because they are not "essentially at home" in Wisconsin. 2015 WL 5254555, at *3 (citing and discussing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846 (2011) and *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014)). Everett confusingly asserts that BRP "does business in Wisconsin and, therefore, is undisputedly subject to general jurisdiction in Wisconsin." This is not the

---

[1] Everett actually filed two motions for leave to file an amended complaint. The first motion addresses the Court's concerns regarding the citizenship of the fourth defendant, Leading Edge Air Foils ("LEAF"), for purposes of diversity jurisdiction. The second motion, discussed herein, attempts to cure jurisdictional deficiencies regarding the other three defendants.

[2] Everett's corresponding request for oral argument is denied.

- 2 -

standard. Everett also points to BRP's physical presence in Wisconsin – a research and development facility in Sturtevant, Wisconsin. Again, this is insufficient to generate a prima facie case of general personal jurisdiction. *See id.* at \*6. Everett is rehashing well-worn territory, advancing arguments the Court previously considered and rejected. The bottom line is that the Supreme Court "has identified only two places where [the 'essentially at home'] requirement will be met: the state of the corporation's principal place of business and the state of its incorporation." *Kipp v. Ski Enterprise Corp. of Wis., Inc.*, 783 F.3d 695, 698 (7th Cir. 2015). Wisconsin is not one of those places for any of these defendants.

As to specific jurisdiction, the Court held that Powertrain, BRP, and Kodiak cannot be haled into Court in Wisconsin pursuant to the "stream of commerce" theory of personal jurisdiction. The Court noted in passing that the Supreme Court rejected a "pure stream of commerce" theory in *J. McIntyre Mach., Ltd. v. Nicastro*, 131 S. Ct. 2780 (2011). On further reflection, this was perhaps an inaccurate characterization of *J. McIntyre*, which was a plurality opinion addressing two of the differing stream of commerce approaches set forth in *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102 (1987): Justice Brennan's "mere foreseeability" test, 480 U.S. at 117, and Justice O'Connor's "foreseeability plus" test, 480 U.S.

at 112.

The Seventh Circuit has yet to consider the impact of *J. McIntyre* on the Supreme Court's stream-of-commerce jurisprudence, but other circuits have held that Justice Breyer's concurring opinion must be followed as the narrowest holding among the plurality opinions in that case. *AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1363 (Fed. Cir. 2012); *Ainsworth v. Moffett Eng'g Ltd.*, 716 F.3d 174, 178 (5th Cir. 2013); *Williams v. Romarm, S.A.*, 756 F.3d 777, 784 (D.C. Cir. 2014). According to the Federal Circuit, the "narrowest holding is that which can be distilled from Justice Breyer's concurrence – that the law remains the same after *McIntyre*." *AFTG-TG*, 689 F.3d at 1363. According to the Fifth Circuit, "Justice Breyer's concurrence was explicitly based on Supreme Court precedent and on *McIntyre*'s specific facts, we find that this case falls outside its limited scope." *Ainsworth*, 716 F.3d at 179. Finally, the D.C. Circuit took "no position" on "which *Asahi* theory should prevail." *Romarm*, 756 F.3d at 784. Rather, the court relied on "Justice Breyer's concurrence … that certain facts, without more, are insufficient for personal jurisdiction." *Id.* (citing *J. McIntyre*, 131 S. Ct. at 2792).[3] On the other hand, a concurring opinion in *AFTG-TG* asserts that Justice Breyer's

---

[3] The D.C. Circuit did not discuss or even cite *AFTG-TG* or *Ainsworth*.

- 4 -

concurrence actually endorses Justice O'Connor's approach in *Asahi*. *AFTG-TG*, 689 F.3d at 1367 ("Justice Breyer applies Justice O'Connor's approach by emphasizing the relevant facts in *McIntyre* lacked 'something more' to establish jurisdiction") (Rader, C.J., concurring).

Whatever the import of *J. McIntyre*, the Court is still convinced that Powertrain, BRP, and Kodiak cannot be forced to litigate in Wisconsin without violating due process. Everett asserts that these defendants purposefully availed themselves of the Wisconsin marketplace because prospective purchasers can search the internet for "fly brp rotax engines," click the first result, www.flyrotax.com, click on "dealer locator" and then "State of Wisconsin," revealing three dealers in Wisconsin, including LEAF, which purchases Rotax engines for resale from Kodiak. The problem with this argument is that LEAF, the only link to the state of Wisconsin, is not affiliated with the other defendants in this case, nor is LEAF subject to a distribution agreement in Wisconsin. Stream of commerce "refers to the movement of goods from manufacturers through distributors to *consumers*." *J. McIntyre* at 2788 (emphasis added). None of these defendants had any expectation that a Rotax engine would be sold to a consumer residing in Wisconsin. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980) (placing goods into the stream of

- 5 -

commerce "with the expectation that they will be purchased by consumers within the forum State" may indicate purposeful availment) (emphasis added). It bears repeating that in this case, the engine at issue was purchased by a Missouri resident, not a Wisconsin resident.

The Court also rejects, once again, Everett's assertion that he is entitled to jurisdictional discovery. The law in this circuit is clear: "the proponent of jurisdiction must make a 'prima facie' showing, and if the defendant submits affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff 'must go beyond the pleadings and submit *affirmative evidence* supporting the exercise of jurisdiction.'" 2015 WL 5254555, at *6 (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003)) (emphasis added). Everett came forward with no such evidence. Therefore, he is not entitled to jurisdictional discovery. *Id.*

Finally, Powertrain, BRP, and Kodiak request the entry of judgment under Rule 54(b), which provides that the Court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only of the court expressly determines that there is no just reason for delay." The defendants do not explain why it is appropriate to enter judgment now instead of at the end of this litigation. *See In re Archdiocese of Milwaukee*,

482 B.R. 792, 800 (E.D. Wis. 2012) ("Rule 54(b) judgments are generally disfavored because they allow piecemeal appellate litigation"). The defendants can renew their request for a Rule 54(b) judgment, but they must make the appropriate showing so the Court can exercise its discretion accordingly.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Everett's first motion for leave to file an amended complaint [ECF No. 36] is **GRANTED**;

2. Everett's motion to reconsider [ECF No. 37] is **DENIED**; and

3. Everett's second motion for leave to file an amended complaint [ECF No. 38] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 20th day of January, 2016.

          **BY THE COURT:**

          _____
          **HON. RUDOLPH T. RANDA**
          **U.S. District Judge**