UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

GREGORY EVERETT,
        Plaintiff,

     v.                                         Case No. 14-C-1189

BRP-POWERTRAIN, GMBH & CO. KG,
KODIAK RESEARCH, LTD.,
BOMBARDIER RECREATIONAL PRODUCTS,
and LEADING EDGE AIR FOILS, LLC,
        Defendants.
_____

## DECISION AND ORDER

This is a products-liability case in which the plaintiff, Gregory Everett, suffered personal injuries during a crash of his personal aircraft. The plaintiff sued four defendants, which I have been referring to as "BRP Inc.," "BRP-Rotax," "Kodiak," and "LEAF." The case was originally assigned to Judge Rudolph T. Randa of this court. While the case was before him, he granted motions to dismiss filed by BRP Inc., BRP-Rotax, and Kodiak. The dismissals were for lack of personal jurisdiction. The case then proceeded on the merits against the remaining defendant, LEAF. At about this time, Judge Randa became unable to preside over cases, and the case was reassigned to me.

After the reassignment, the plaintiff filed a motion asking me to reconsider Judge Randa's order granting the motions to dismiss. The motion was based, in part, on discovery that the plaintiff had taken from LEAF, including the deposition of its owner, who testified about the previously dismissed defendants' contacts with Wisconsin. A few months after the plaintiff filed this motion, and before I had decided it, the plaintiff

and LEAF entered into a settlement agreement that resolved the plaintiff's claims against LEAF. To implement the settlement, the plaintiff and LEAF filed a document bearing the caption "Stipulation for Dismissal." *See* ECF No. 94. This document stated:

> IT IS HEREBY STIPULATED by and between Plaintiff Gregory Everett and Defendant [LEAF], through their respective counsel, that any and all claims against Defendant [LEAF] in the above-captioned case are to be dismissed with prejudice and without costs to any party and that an Order to that effect may be entered without further notice.

*Id.* The document was signed by the plaintiff's counsel and LEAF's counsel. Attached to the document was a proposed order dismissing the plaintiff's claims against LEAF. I signed the proposed order on May 4, 2017, and it was docketed the same day. The order, which is captioned "Order for Dismissal," states:

> UPON THE STIPULATION between the parties,
>
> IT IS HEREBY ORDERED that all claims by Plaintiff Gregory Everett against Defendant [LEAF], in the above-captioned matter are dismissed with prejudice and without cost to either party.

ECF No. 95.

On July 7, 2017, I issued a decision and order granting, in part, the plaintiff's motion to reconsider Judge Randa's order dismissing the other three defendants for lack of personal jurisdiction. I granted the motion as to defendants BRP-Rotax and Kodiak and denied the motion as to defendant BRP Inc. I also ordered BRP-Rotax and Kodiak to file answers to the plaintiff's complaint.

After I issued the order vacating Judge Randa's dismissal of BRP-Rotax and Kodiak, these defendants, citing Federal Rule of Civil Procedure 12(h)(3), filed briefs "suggesting" that I lack subject matter jurisdiction over this action. In these briefs, the defendants argue that the stipulation of dismissal concerning LEAF was, in effect, a

stipulation of dismissal of the entire action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). The defendants contend that the moment the plaintiff and LEAF filed the stipulation, it had the effect of dismissing the entire case and divesting me of subject-matter jurisdiction. Therefore, the defendants argue, my order granting the plaintiff's motion for reconsideration was a nullity, and I may take no further action on the merits of the plaintiff's claims against them.[1]

The defendants, in their suggestions, point out that a stipulation of dismissal under Rule 41(a)(1)(A)(ii) is self-executing, meaning that it is effective the moment it is filed and does not require a separate court order. I agree with the defendants on this point. *See Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011). Indeed, I previously published a memorandum making this very point and informing the bar that I would not sign proposed orders purporting to dismiss a case based on a previously filed stipulation of dismissal or notice of voluntary dismissal under Rule 41(a). *See Scott v. Delbert Servs. Corp.*, 973 F. Supp. 2d 949 (E.D. Wis. 2013). But the issue here is not whether a stipulation of dismissal under Rule 41(a) is self-executing—it clearly is. The issue is whether the stipulation of dismissal filed by the plaintiff and LEAF, which does

---

[1] At the same time that the defendants filed their suggestions, defendant Kodiak filed a petition for a writ of mandamus or prohibition with the Seventh Circuit. On August 29, 2017, the Seventh Circuit denied the petition, with the following comment:

> There remains a concrete case or controversy between the plaintiff and the [two] reinstated defendants. The district court never entered a final judgment under Fed. R. Civ. P. 54(b) with respect to those defendants.

Order in Appeal No. 17-2586.

not mention Rule 41(a), nonetheless qualifies as a stipulation of dismissal under that rule.[2]

In my order granting the motion for reconsideration, I addressed the effect of the stipulation of dismissal. ECF No. 96 at 6 n.2. I concluded that the stipulation did not qualify as a stipulation of dismissal under Rule 41 because it did not purport to dismiss the entire action and also because it was not signed by BRP Inc., BRP-Rotax, and Kodiak. This was in keeping with the text of the rule, which governs the dismissal of "actions" (rather than claims or parties) and which requires the stipulation to be "signed by all parties who have appeared." BRP Inc., BRP-Rotax, and Kodiak had all appeared as parties in the case (albeit for the limited purpose of contesting personal jurisdiction), and thus I considered them "parties who have appeared."

Kodiak and BRP-Rotax argue that I was mistaken in thinking that the stipulation of dismissal did not purport to dismiss the entire action and that the stipulation had to be signed by them and BRP Inc. As to the first point, they argue that the stipulation must have applied to the entire action because, by the time it was filed, the only claim remaining in the action was the claim against LEAF, which the stipulation purported to dismiss. But this is not accurate. It is true that, at the time the stipulation was filed, the plaintiff's claims against all defendants other than LEAF had been dismissed. But the

---

[2] BRP-Rotax and Kodiak rely heavily on the Third Circuit's decision in *State National Insurance Company v. County of Camden*, 824 F.3d 399 (3d Cir. 2016). That case addresses the consequences of filing a stipulation of dismissal under Rule 41(a)(1)(A)(ii). However, that case does not address the question of what qualifies as a stipulation of dismissal under that rule in the first place. Rather, the court took it as undisputed that the stipulation filed in that case qualified as such a stipulation. *See id.* at 406 ("The parties . . . filed a Stipulation of Dismissal under Rule 41(a)(1)(A)(ii), and pursuant to that Stipulation, the parties agreed to voluntarily dismiss the case."). Thus, *State National* is not instructive on the main issue presented in this case.

4

dismissal of the claims against the other defendants was interlocutory—no judgment had been entered in the defendants' favor under Federal Rule of Civil Procedure 54(b)—which meant that those claims had not been finally resolved. Moreover, at the time the stipulation was filed, a motion to reinstate those very claims was pending. That motion and the claims it involved were undoubtedly parts of *this* action—what other action could they have been a part of? Thus, at the time the plaintiff and LEAF filed the stipulation of dismissal, this action still encompassed the claims against BRP Inc., BRP-Rotax, and Kodiak.

Because the claims against these defendants were still included in this action, the stipulation dismissing the claims against LEAF was not a stipulation dismissing the entire action under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). *See Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (recognizing that notice or stipulation of dismissal under Rule 41(a)(1)(A) may dismiss only the whole case; it cannot be used to dismiss fewer than all claims in a suit); *Berthold Types Ltd. v. Adobe Systems Inc.*, 242 F.3d 772, 777 (7th Cir. 2001) (same). Nor did I understand it to be one. As noted above, I do not issue orders dismissing actions under Rule 41(a)(1)(A) because they are superfluous. *Scott*, 973 F. Supp. 2d at 949. But I signed the proposed order to dismiss LEAF because I knew that the stipulation was not self-executing under Rule 41(a)(1)(A), as it purported to dismiss only one of the claims involved in this suit, not the entire action.

As to my alternative ground for finding that the stipulation to dismiss LEAF was not a Rule 41 stipulation of dismissal, I am willing to allow that Rule 41 is ambiguous as to what it means by "all parties who have appeared." It is reasonable to interpret this

5

language, as BRP-Rotax and Kodiak do, as applying only to parties who have not already been dismissed from the case as of the date the stipulation is filed. This reading of the rule is supported by the fact that parties who are dismissed from a case usually are no longer considered "parties" for purposes of the federal rules. For example, Rule 5(a) requires service of papers on "every party," yet it is unlikely that a court would interpret this rule to require service on parties who have long been dismissed from the case. But it is also reasonable to interpret the phrase "all parties who have appeared" to include parties who have appeared in the case but have since been dismissed by nonfinal orders. Dismissed parties once were parties, and if they have appeared in the case, it is no abuse of language to describe them as "parties who have appeared."

The defendants contend that my reading of the parties-who-have-appeared language would produce absurd results, in that in years-long, complex, multi-defendant litigation, the last settling defendant would have to track down and obtain written consent from every defendant to have ever appeared in the case before the case could be dismissed without a court order under Rule 41(a)(1)(A)(ii). But I do not find this result absurd. Although the plaintiff and the last defendant could not use a stipulation of dismissal to end the action without obtaining consent from the previously dismissed defendants, the plaintiff could still file a motion to have the court dismiss the action under Rule 41(a)(2), and the court could grant that motion without receiving the consent of the previously dismissed defendants. Moreover, it makes sense to require a plaintiff to obtain the consent of a previously dismissed defendant before he or she may voluntarily dismiss the action. A dismissal under Rule 41(a) can be without prejudice. A

previously dismissed defendant may have obtained a dismissal on the merits—say pursuant to a motion for summary judgment—but unless a judgment were entered in that defendant's favor under Rule 54(b), the dismissal would be nonfinal. If the plaintiff and the remaining defendant thereafter stipulated to a dismissal of the action without prejudice, the plaintiff could file a fresh action against the previously dismissed defendant, and possibly the nonfinal order entered against that defendant would have no preclusive effect in the new action. *See* Restatement (Second) of Judgments § 13 (1982). Thus, requiring the consent of the previously dismissed defendant prevents the voluntary dismissal from causing prejudice to that defendant. And protecting defendants from prejudicial voluntary dismissals is one of the purposes of Rule 41(a). *See* 8 James Wm. Moore, *Moore's Federal Practice – Civil* § 41.10 (Lexis 2017). It is thus consistent with the rule's purpose to require previously dismissed defendants to sign a stipulation of dismissal of the action.

I also note that construing the plaintiff's and LEAF's stipulation of dismissal as applying to the claims against BRP Inc., BRP-Rotax, and Kodiak would conflict with Federal Rule of Civil Procedure 1, which instructs courts to construe the federal rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." The clear intent of the stipulation was to resolve the plaintiff's claim against LEAF, and only that claim. The stipulation and proposed order refers only to that claim. At the time it was filed, the plaintiff's motion to reconsider the dismissal of his claims against the other defendants was pending, and he did not ask to withdraw that motion. Obviously, then, the plaintiff did not intend to abandon his claims against these other defendants. Construing the stipulation to have that effect would produce an unjust result and a trap

7

for the unwary, contrary to the directive in Rule 1 to construe the rules to secure the "just" determination of every action. *See, e.g., Laborers' Pension Fund v. A & C Envtl., Inc.*, 301 F.3d 768, 777 (7th Cir. 2002) (avoiding construing federal rule in way that creates trap for the unwary); *Johnson v. Levy Org. Dev. Co., Inc.*, 789 F.2d 601, 606 (7th Cir. 1986) (noting that courts are to construe federal rules "liberally" and not turn them into traps for the unwary). Indeed, the Seventh Circuit has implicitly held that when a party mistakenly uses Rule 41(a) in an attempt to dismiss only some claims or parties in a case, rather than the entire action, the court may construe the notice of voluntary dismissal or stipulation of dismissal as a motion to amend the complaint to drop the claim or party sought to be dismissed. *See Taylor*, 787 F.3d at 857–58 (construing notice of voluntary dismissal of party as motion to amend the complaint to drop the party). Here, that is essentially what I did when I granted the plaintiff's and LEAF's request to have LEAF dismissed from the case.

Finally, even if I am mistaken about whether the stipulation of dismissal qualified as a stipulation under Rule 41(a)(1)(A)(ii), it would not follow that I lacked subject-matter jurisdiction to decide the plaintiff's motion to reconsider. At the time the stipulation was filed, the plaintiff's motion to reconsider was pending, and the plaintiff filed that motion under Federal Rule of Civil Procedure 60(b). In my order on the motion, I noted that no final judgment had been entered against the defendants, and that therefore the motion was not subject to the standards of Rule 60(b) motions. Instead, it was simply a motion to reconsider a nonfinal order. But if the defendants' argument that the plaintiff's stipulation of dismissal resulted in the final termination of this action were correct, then the motion would properly be construed as a motion for relief from judgment under Rule

60(b), because after the stipulation was filed the motion would be seeking relief from a final judgment or order. The Seventh Circuit has held that a district court does not lose jurisdiction to consider a Rule 60(b) motion following a voluntary dismissal of an action under Rule 41(a). *Nelson*, 657 F.3d at 589. Moreover, if the motion had to be construed as a Rule 60(b) motion, I would grant it because the motion was based on the discovery of new evidence, *see* Fed. R. Civ. P. 60(b)(2), namely, the deposition of LEAF's owner, who testified to facts showing that BRP-Rotax and Kodiak were subject to personal jurisdiction in Wisconsin.

For the reasons stated above, the defendants' suggestion that I lack subject-matter jurisdiction will be denied. Also before me are the plaintiff's motions to hold BRP-Rotax and Kodiak in default for failing to file an answer within 14 days of my order reinstating them as parties.[3] In briefing on these motions, the defendants state that the plaintiff agreed to extend the deadline for them to respond to the complaint until August 7, 2017, and they note that they filed their "suggestions" regarding subject-matter jurisdiction on that date. They contend that, under Federal Rule of Civil Procedure 12(a)(4), they do not have to serve their answers until 14 days after the court acts on their "suggestions." Thus, they argue, they are not in default.

Under Rule 12(a)(4), a party who files a motion under Rule 12 does not have to file a responsive pleading until 14 days after the court acts on the motion. So if the defendants had filed motions under Rule 12, their argument that the time to file their answers has not yet expired would be correct. One can quibble about whether the

---

[3] Technically, the plaintiff filed motions for default *judgments* against these parties, but the clerk has not entered either party's default under Rule 55(a). Thus, I construe the plaintiff's motion as one to direct the clerk to enter the defendants' defaults.

defendants' "suggestions" qualify as Rule 12 "motions." But whether or not they do, the plaintiff has not been prejudiced by the defendants' failure to file their answers until now. A court has an obligation to police its own subject-matter jurisdiction, and I would have addressed the defendants' arguments about the effect of the stipulation of dismissal on the court's jurisdiction before allowing the case to proceed on the merits, even if the defendants had filed answers. Therefore, I will not direct the clerk to enter the defendants' default. Instead, I will grant the defendants 14 days from the date of this order to file their responsive pleadings.

Accordingly, **IT IS ORDERED** that the defendants' "suggestions" concerning subject-matter jurisdiction (ECF Nos. 97 & 98) are **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motions for default judgments (ECF Nos. 99 & 100) are **DENIED**.

**IT IS FURTHER ORDERED** that BRP-Rotax and Kodiak shall file their responsive pleadings within 14 days of the date of this order.

**FINALLY, IT IS ORDERED** that Kodiak's motion for leave to file its answer to the amended complaint upon the court's resolution of the jurisdictional question (ECF No. 105) is **DENIED** as **MOOT**.

Dated at Milwaukee, Wisconsin, this 11th day of October, 2017.

/s Lynn Adelman
LYNN ADELMAN
United States District Judge