UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GREGORY EVERETT,
      Plaintiff,

v.                                                                     Case No. 14-C-1189

BRP-POWERTRAIN, GmbH & CO. KG, and
KODIAK RESEARCH, LTD.
      Defendants.

## DECISION AND ORDER

Gregory Everett suffered serious injuries when his experimental aircraft crashed during a test flight. He alleges that the crash was caused when the aircraft's engine overheated and seized. The engine was designed and manufactured by defendant BRP-Powertrain and distributed by defendant Kodiak Research, Ltd. Before me now are Everett's motions to compel the defendants to respond to certain of his requests for written discovery.

Before addressing the motions, I note that the plaintiff did not file them pursuant to Civil Local Rule 7(h). In the scheduling order for this case, I directed the parties to file all discovery and non-dispositive pretrial motions pursuant to that rule. (Order of Nov. 29, 2017, ¶ 4c.) Rule 7(h) provides for a shorter briefing schedule that enables the court to resolve discovery motions quickly and avoid delay. Although I will not require the plaintiff to re-file his current motions under Rule 7(h), I advise him that I will immediately strike any future discovery motions that he does not file under that rule.

As for the substance of the motions, the plaintiff primarily contends that the defendants should be compelled to respond to his discovery requests asking for

information about BRP products that are "similar" to the engine at issue in this case, which is a Rotax 582 Model 99 DCDI engine. The defendants do not object to producing information concerning similar engines. However, the defendants note that the plaintiff has not identified the engines that he considers to be "similar" to the Rotax engine that was installed on his plane. The defendants contend that unless the plaintiff identifies the engines that he believes are similar, they cannot respond to his requests. I agree with the defendants on this point. Until the plaintiff identifies the engines he contends are similar to the engine at issue in this case, the defendants cannot meaningfully respond. Thus, at this point, I will not compel the defendants to respond to his requests for information about "similar" engines. However, the plaintiff is free to serve new discovery requests that identify the specific engines that he contends are similar to the engine he installed on his plane.

The plaintiff also seeks to compel BRP-Powertrain to produce design and manufacturing specifications (and related documents) concerning the engine that the plaintiff installed on his plane. A related request asks for information about every modification or alteration to the engine that BRP made since the time it was first offered for sale. BRP objects to these requests on the ground that they are overly broad, and I agree. It is true that *some* design and manufacturing documents for the subject engine are discoverable, as the plaintiff alleges that the engine was defectively designed and manufactured. However, the plaintiff is not entitled to every design and manufacturing document relating to the engine. The engine has more than 184 component parts (Spoerk Decl. Ex. C, ECF No. 123-3), and it has been offered for sale for many years and undergone many alterations and modifications. Thus, the plaintiff's requests as

2

written would require BRP to produce a huge quantity of documents. Moreover, most of these documents would be entirely irrelevant, as the plaintiff does not allege that every component of the engine was defectively designed and manufactured. Only those documents that relate to the plaintiff's theory of why the engine is defective would be relevant.

The defendants contend that the plaintiff does not actually have a theory of why the engine is defective. They state that they served contention interrogatories on him asking him to identify why he believes the engine is defective and that he did not provide a substantive response. (BRP Br. at 6, ECF No. 122.) In his briefs in support of the motions to compel, the plaintiff does not explain how the engine might be defective or how the documents he asks for would be relevant to his claim that the engine was negligently designed or manufactured. He does indicate that the engine was defective because it overheated and seized, but these are *symptoms* of a potential defect; they are not themselves manufacturing or design defects. To show that the engine was defective, the plaintiff will need to identify the parts of the engine that caused it to overheat and seize. Any discovery requests asking for design and manufacturing documents relating to those parts of the engine would be proper. But the plaintiff cannot ask for *all* design and manufacturing documents relating to the engine, hoping to find something to support his claims. *See In re Dairy Farmers of Am., Inc. Cheese Antitrust Litig.*, 801 F.3d 758, 766 (7th Cir. 2015).

Perhaps the plaintiff has not yet formulated his precise theory of how the engine is defective, and he needs design and manufacturing documents from the defendants before he can do so. But, to have had a good-faith basis to file a complaint alleging that

3

the engine was negligently designed or manufactured, the plaintiff must have had at least some basic hypotheses about what parts of the engine were defective. The plaintiff should draft discovery requests that ask for the design and manufacturing documents that he needs to test those hypotheses. In other words, the plaintiff should identify the parts of the engine that he suspects were defective and ask the defendants to produce design and manufacturing documents concerning those parts. He is not entitled to the production of all design and manufacturing documents regardless of whether they relate to his theory of the case. Accordingly, the plaintiff's motion to compel production of all design and manufacturing documents will be denied.

Finally, the plaintiff seeks to compel the defendants to produce information relating to contracts and other business transactions either between themselves or with certain third parties. However, the plaintiff has not explained how these documents would be relevant to the issues in this case. In his briefs, he states only that these requests are "directed at discovering documents or other materials relevant to the development of Defendant's product, which is at issue in this case." (*E.g.*, Br. in Supp. at 5, ECF No. 121.) However, this statement is entirely conclusory and does not explain how the information sought might be relevant to "the development of Defendant's product." Therefore, the plaintiff's motion to compel production of this information will be denied.

For the reasons stated, **IT IS ORDERED** that plaintiff's motions to compel (ECF Nos. 120 & 121) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of April, 2018.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge