# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**GREGORY EVERETT,**
      **Plaintiff,**

    v.                                                          Case No. 14-C-1189

**BRP-POWERTRAIN, GmbH & CO. KG, and
KODIAK RESEARCH, LTD.**
      **Defendants.**

## DECISION AND ORDER

The plaintiff, Gregory Everett, was injured when his personal aircraft crashed. He alleges that the crash was caused by a defective engine. Everett purchased the engine at the EAA AirVenture, a large airshow held each year in Oshkosh, Wisconsin, from a company known as Leading Edge Air Foils, LLC ("LEAF"). LEAF has its principal place of business in Walworth County, Wisconsin. An Austrian company, BRP-Powertrain, manufactured the engine, and a Bahamian company, Kodiak Research, Ltd., sold it to LEAF. Everett is a resident of Missouri, and the crash occurred in Missouri.

In September 2014, Everett commenced this action for products liability against LEAF, BRP-Powertrain, Kodiak, and a third defendant that has since been dismissed. When he filed the case, Everett checked the box on the civil cover sheet indicating that the case should be assigned to the "Milwaukee Division" of this court, as opposed to the "Green Bay Division." (ECF No. 1-1.) The terms "Milwaukee Division" and "Green Bay Division" are used informally. In fact, Congress has not divided the Eastern District of Wisconsin into divisions. *See* 28 U.S.C. § 130. Rather, Congress has instructed the

chief judge of this district to designate one judge to hold court for the district in Green Bay, Wisconsin.  *See* Act of Dec. 21, 2000, Pub. L. No. 106-553, § 1(a)(2), 114 Stat. 2762 (enacting H.R. 5548, § 305(c), which provides for a Green Bay judge).  The chief judge of this court has entered a general order dividing the business of the court among the Milwaukee judges and the Green Bay judge.  *See* Gen. Order Regarding Assignment of Cases to the U.S. District Judge Designated to Hold Court in Green Bay, Wis. (E.D. Wis. Jan. 1, 2005), available at www.wied.uscourts.gov (filed under "Our Court" and then "Local Rules and Orders") (last viewed April 10, 2018).  Under this order, civil cases "having the greatest nexus" with the counties within the Green Bay Division must be assigned to that division. *Id.*  The order requires the party who initiates the case to designate the division to which it should be assigned.  Thereafter, another party may either object to the designation or move to transfer the case to the other division "based upon the convenience of the parties and witnesses, or the interests of justice." *Id.*

Because the plaintiff designated the Milwaukee Division on the civil cover sheet, the Clerk of Court randomly assigned the case to Judge Rudolph T. Randa who, prior to his death, held court in Milwaukee.  Judge Randa dismissed all of the defendants other than LEAF for lack of personal jurisdiction, and the case against LEAF proceeded on the merits.  Later, the case was reassigned to me.  The plaintiff then settled with LEAF and brought a motion to reconsider the dismissal of the other defendants.  I granted the motion for reconsideration in part, bringing BRP-Powertrain and Kodiak back into the case.  These defendants finally filed their answers to the complaint on October 25, 2017.

2

On November 27, 2017, Kodiak filed a motion to transfer this case to the Green Bay Division. Kodiak argues that such a transfer would best serve the convenience of the parties and witnesses, as well as the interests of justice. The plaintiff opposes the motion to transfer, and BRP-Powertrain has not stated its position. I consider Kodiak's motion in this order.

Kodiak's motion to transfer is governed by the general order dividing the court's business between Green Bay and Milwaukee. However, because that order uses the same language as 28 U.S.C. § 1404(a), which governs change of venue between districts (and Congressionally designated divisions of a district), I will apply cases interpreting § 1404(a) to Kodiak's motion.

Kodiak notes that one of the witnesses in this case, Brian Meyerhofer, resides in Outagamie County, which is within the Green Bay Division. Meyerhofer is a mechanic and salesman employed by LEAF. The plaintiff alleges that Meyerhofer provided him with advice about how to troubleshoot the engine. Kodiak contends that Meyerhofer's advice, and the plaintiff's implementation of that advice, will be important issues in this case, and that therefore Meyerhofer is a key witness. Kodiak suggests that it would be more convenient for Meyerhofer to have this case litigated in Green Bay rather than in Milwaukee.

Other than Meyerhofer, there are no witnesses who reside in the Green Bay Division. LEAF has its principal place of business in Walworth County, which is within the Milwaukee division, and thus presumably any other witnesses who reside in Wisconsin will either reside or work within the Milwaukee Division. As Meyerhofer appears to be employed by LEAF, I assume that he travels to the Milwaukee Division

frequently and would not find attending a deposition or trial in Milwaukee inconvenient. (Kodiak has not submitted a declaration from Meyerhofer or other evidence indicating that he would find travel to Milwaukee inconvenient.) Kodiak has not shown that any party or any other witness would find it more convenient to litigate in Green Bay rather than in Milwaukee. Thus, I find that the convenience of the parties and witnesses does not favor a transfer to the Green Bay Division.

As for the interests of justice, Kodiak cites a case stating that a court may consider "the relationship of each community to the controversy." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). I am not sure what this language means. However, assuming that it means that the case should be litigated in the community that has the greatest interest in the case, it does not favor a transfer to Green Bay. Everett's purchasing the engine in Oshkosh, which is within the Green Bay Division, does not suggest that the communities within that division would have any significant interest in this case. After purchasing the engine, the plaintiff returned to Missouri, where he resides, and the crash occurred in Missouri. The defendants' conduct in designing, manufacturing, and distributing the engine occurred outside of the Green Bay Division. LEAF's principal place of business is within the Milwaukee Division. In light of these facts, I conclude that the interests of justice do not warrant transferring this case to Green Bay.

For the reasons stated, **IT IS ORDERED** that Kodiak's motion to transfer this case to the Green Bay Division is **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of April, 2018.

4

s/Lynn Adelman
LYNN ADELMAN
United States District Judge